UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sunday Williams

   v.                                      Civil No. 15-cv-464-JD
                                            Opinion No. 2016 DNH 086
United States of America


O R D E R


Sunday Williams petitions for a writ of coram nobis,
seeking relief from his conviction in 2004 on a charge of making
a false statement on an application for a passport.  Williams
contends that his counsel provided ineffective assistance by
changing Williams's plea without his consent and by
misrepresenting and failing to advise Williams of the
immigration consequences of the plea.  The government moves to
dismiss the petition on the ground that Williams is not entitled
to relief based on Padilla v. Kentucky, 559 U.S. 356 (2010).
Williams objects to the motion to dismiss.


Standard of Review

"[C]oram nobis is an extraordinary remedy, which is
available 'only under circumstances compelling such action to
achieve justice.'"  Murray v. United States, 704 F.3d 23, 28
(1st Cir. 2013) (quoting United States v. Morgan, 346 U.S. 502,

511 (1954)).  To show that he is eligible for a writ of coram nobis, "the petitioner must first adequately explain his failure to seek relief earlier through other means; second, he must show that he continues to suffer a significant collateral consequence from the judgment being challenged and that issuance of the writ will eliminate the consequence; and third, he must demonstrate that the judgment resulted from a fundamental error." Murray, 704 F.3d at 29 (internal footnotes omitted).  "Even if the petition meets all three of the conditions in the coram nobis eligibility test, the court retains discretion to grant or deny the writ, depending on the circumstances of the individual case." Id. 29-30.

### Background

Williams was born in Nigeria and entered the United States on a visa in 1992.  He has lived in the United States since that time.  In March of 1996, he married Nadine Williams, who was born in Jamaica.  The Williamses have three children who were all born in the United States.

Williams was indicted on a charge of passport fraud in February of 2004 based on a misrepresentation in his passport application.  See United States v. Williams, 04-cr-51-JD (D.N.H. February 19, 2004).  During the change of plea hearing held on July 29, 2004, the court acknowledged that the First Circuit had

recently changed the law with respect to venue for cases charging passport fraud and that the case should not have been brought in the District of New Hampshire.  The court asked Williams if, in light of the change in the law, he freely and voluntarily waived his right to be tried in one of the Districts in New York rather than the District of New Hampshire.

In response to the court's question, Williams consulted with his attorney, Richard Monteith.  After discussing the issue with Williams outside the courtroom, Monteith reported to the court that Williams "would like to withdraw that waiver and not go through with this proceeding today."  Transcript, doc. no. 31, at 9.  The court asked if Williams wanted the case dismissed, and Monteith responded, "He does, Judge."  Id. Monteith moved to dismiss the case.

In response, Assistant United States Attorney Rubega asked that the court delay ruling on the motion to dismiss to give the government time to file a superseding indictment to charge Williams with making a false statement in violation of 18 U.S.C. § 1001.  After a discussion about whether a superseding indictment or a new indictment would be necessary to bring the charge under § 1001, Monteith said:  "Time is important to Mr. Williams regarding immigration, what's going to happen with that, so I suppose we don't have an objection to a superseding indictment."  Id. at 12.  Monteith also noted that a superseding

indictment, as opposed to a new indictment, would avoid having Williams arrested on the new charge.

The court agreed to stay any ruling on the motion to dismiss to allow time for the government to file a superseding indictment.  The government filed a superseding indictment on August 5, 2004, charging Williams with making a false statement in violation of § 1001.

Williams pleaded guilty to the charge of making a false statement on October 14, 2004.  During the hearing, Williams admitted the factual allegations read by the court to support the charge against him.  Rubega then read the facts the government would prove if the case went to trial.  Monteith did not object to the facts as read, and Williams also accepted the facts as read by Rubega.

When asked by the court if he had any questions about the proceedings, Williams said that he had no objection but noted that "the Immigration matter is pending."  Monteith explained that Williams had immigration hearings pending in New York. Williams agreed that was the immigration matter to which he referred.  The court then accepted Wiliams's plea.  Williams was sentenced on January 14, 2005, to three years of probation.

Williams's wife became a United States citizen in 2010. When Williams applied for lawful permanent resident status based on his marriage to a citizen, his application was denied based

on the facts underlying Williams's guilty plea in 2004, which included a false claim of United States citizenship.  Williams has not been deported because of the current conditions in Nigeria.

## Discussion

In support of his petition, Williams contends that Monteith provided ineffective assistance of counsel (1) by "sua sponte" changing Williams's plea and (2) by failing to inform Williams of the immigration consequences of his plea and permitting him to plead to facts that constituted passport fraud.  The government moves to dismiss the petition on the ground that the relief provided by Padilla is not available to Williams. Williams objects, arguing that his claims for relief are not predicated on Padilla.

In Padilla, the Supreme Court held "that counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. at 374.  Failure to do so constitutes a violation of the Sixth Amendment right to competent counsel. Id.  The Court explained that its holding depended on "the unique nature of deportation," id. at 365, due to "the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country," id. at 374.

A.   "Sua Sponte" Changing Plea

     The government does not appear to challenge Williams's
first claim, that Monteith provided ineffective assistance by
"sua sponte" changing his plea.  The only reference in the
petition to Padilla in support of the first claim is a quote
from Missouri v. Frye, 132 S. Ct. 1399, 1406 (2012), that
discusses Padilla in the context of determining that negotiation
of a guilty plea is a critical stage of criminal proceedings.
Therefore, the government does not provide grounds to dismiss
the first claim.


B.   Immmigration Consequences of the Plea

     In his second claim, Williams alleges that Monteith
provided ineffective assistance by failing to inform him of the
immigration consequences of the plea and by permitting him to
plead guilty to facts that constituted passport fraud when the
charge was making a false statement.  As a result, Williams
contends, he cannot achieve lawful permanent resident status
despite his wife's citizenship.  The government argues that
Williams cannot seek relief under Padilla, which requires that
the claim be dismissed.

     The requirement in Padilla that counsel advise criminal
defendants about the deportation consequences of a guilty plea

6

is limited to advice about deportation.  See Chaidez v. United States, 133 S. Ct. 1103, 1110 (2013); United States v. Suero, 2014 WL 6896011, at *4, n.2 (D.N.H. Dec. 5, 2014).  Williams does not argue that Monteith failed to advise him about the deportation consequences of his guilty plea or even that his guilty plea raised any issue of deportation.  Instead, he argues that Monteith provided ineffective assistance because the facts underlying his guilty plea preclude his eligibility for permanent resident status based on being married to a United States citizen.  Therefore, Padilla does not support Williams's ineffective assistance of counsel claim.

Even if Padilla were interpreted to apply outside the context of advice about deportation, Williams could not rely on the holding to support his petition.  Because "the Court announced a new rule in Padilla," the holding in Padilla does not apply to "defendants whose convictions became final prior to Padilla."  Chaidez, 133 S. Ct. at 1113.  Judgment was entered on Williams's conviction on January 14, 2005.  Williams did not appeal his conviction.  As a result, Williams's conviction became final long before the decision in Padilla was issued on March 31, 2010.

Therefore, Williams's second claim that alleges ineffective assistance of counsel due to a failure to advise him about the immigration consequences of his guilty plea must be dismissed.

7

Conclusion

For the foregoing reasons, the government's motion to dismiss (document no. 8) is granted as to the petitioner's second claim at Part B on page 13 of the petition but is denied as to the first claim at Part A on Page 11 of the petition.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

April 22, 2016

cc:  Seth R. Aframe, Esq.
     Jonathan Cohen, Esq.
     Paul F. O'Reilly, Esq.
     Jacob Max Weintruab, Esq.