**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Sunday Williams

    v.                                    Case No. 15-cv-464-JD

United States of America


**REPORT AND RECOMMENDATION**


Under the aegis of the All Writs Act, 28 U.S.C. § 1651, Sunday Williams has petitioned for a writ of coram nobis.  In 2004, Williams pled guilty to a charge of making false statements, in violation of 18 U.S.C. § 1001(a), and was convicted of that crime.  Because he pled "guilty to facts that constituted passport fraud when the charge [against him] was making a false statement," Order (Doc. No. 11 at 6), and because his plea to those facts appears to preclude him from attaining permanent resident status, he now seeks relief from his conviction.

In his petition, Williams advanced claims that his trial counsel provided ineffective assistance by: (1) changing his plea without his consent; and (2) misrepresenting and failing to advise him of the immigration consequences of the plea he entered.  Respondent moved to dismiss.  In an order dated April

22, 2016, Judge DiClerico granted respondent's motion as to petitioner's second theory, but denied the motion as to the first theory, observing that "[t]he government [did] not appear to challenge Williams's first claim, that [his counsel] provided ineffective assistance by 'sua sponte' changing his plea." Id. at 6.

Before this magistrate judge for a report and recommendation is petitioner's Request for a Certificate of Default, which he filed on May 31, 2016.  Petitioner's request is based upon respondent's failure to serve an answer to his petition within 14 days after Judge DiClerico partially denied respondent's motion to dismiss.  Respondent objects.[1]  For the reasons that follow, petitioner's motion for default should be denied.

Petitioner argues that after Judge DiClerico partially denied respondent's motion to dismiss, respondent had 14 days to serve an answer to his petition, pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure ("Federal Rules").  In petitioner's view, respondent defaulted by failing to serve an

---

[1] Three days after filing its objection, respondent filed a pleading titled "United States' Second Response to Petition for Writ of Coram Nobis," in which it seeks dismissal of the portion of Williams's petition that survived the first motion to dismiss.

2

answer within 14 days of Judge DiClerico's order.  Respondent
contends, to the contrary, that there has been no default
because the obligation to answer a petition for a writ of coram
nobis arises only when an answer is ordered by a judge, and
Judge DiClerico has not ordered respondent to answer the
petition.  That argument is based upon: (1) the principle that a
coram nobis petition is treated, procedurally, like a motion
brought pursuant to 28 U.S.C. § 2255; and (2) Rule 5(a) of the
Rules Governing Section 2255 Proceedings for the United States
District Courts ("2255 Rules"), which provides that "[t]he
respondent is not required to answer the motion unless a judge
so orders."  Respondent has the better argument.

In a case in which it was called upon to determine the
applicable rules for appealing a decision on a motion for a writ
of coram nobis, the court of appeals recognized that "coram
nobis proceedings are best seen as hybrids – quasi-civil and
quasi-criminal."  Trenkler v. United States, 536 F.3d 85, 94
(1st Cir. 2008) (citing United States v. Craig, 907 F.2d 653,
656 (7th Cir 1990); Mercado v. United States, 183 F.2d 486, 487
(1st Cir. 1950)).  In its decision, which chronicled the history
of the writ, the Trenkler court cited, with approval, the
decision in United States v. Balistrieri, 606 F.2d 216 (7th Cir.

1979).  Balistrieri, in turn, stands for the proposition that the 2255 Rules are "highly persuasive in deciding how coram nobis motions should be conducted."  Id. at 221.  This court is persuaded by Trenkler and Balistrieri that the 2255 Rules establish the procedure for responding to a request for a writ of coram nobis.

As the court has noted, Rule 5(a) of the 2255 Rules provides that a respondent must answer a request for a writ of coram nobis only when a judge orders that an answer be filed.  Moreover, unlike the Federal Rules, the 2255 Rules do not specify a time frame for a respondent's answer.  Because respondent in this case has not missed any deadline for filing an answer to Williams's petition, Williams is not entitled to the default he seeks.

In recommending the denial of Williams's motion for default, this court acknowledges the litigation history of Williams's petition, which includes two requests by the respondent for additional time to answer.  Those requests tend to suggest that respondent has only come lately to the conclusion that its obligation to answer Williams's petition is governed by the 2255 Rules rather than the Federal Rules.  Even so, the only prejudice to Williams that results from applying

the 2255 Rules is that Williams will be obligated to litigate
his petition on the merits.  But, as the court of appeals has
pointed out, resolution on the merits is the stated goal of the
Federal Rules.  See Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.
1989); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318
F.3d 1, 12 (1st Cir. 2003).  Finally, it is worth noting that
even if the court were to grant Williams a default, that would
be a relatively minor victory, given that the court could not
grant Williams a default judgment without examining the validity
of his legal claim, see Gustafson Recovery Servs., No. 14-cv-
305-JD, 2015 WL 5009108, at *1 (D.N.H. Aug. 21, 2015), which is
essentially the same task Judge DiClerico will face when ruling
on respondent's motion to dismiss.

     In sum, for the reasons detailed above, Williams's motion
for default, Document No. 12, should be denied, and, pursuant to
Rule 5(d) of the 2255 Rules, Judge DiClerico should fix a time
for Williams to reply to respondent's second motion to dismiss,
Document No. 15.

     Any objection to this report and recommendation must be
filed within 14 days of receipt of this notice.  See Fed. R.
Civ. P. 72(b)(2).  Failure to file an objection within the
specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by

objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are

precluded on appeal).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge


June 7, 2016

cc:  Paul F. O'Reilly, Esq.
     Jonathan Cohen, Esq.
     Jacob Max Weintraub, Esq.
     Seth R. Aframe, Esq.