```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sunday Williams

    v.                                      Civil No. 15-cv-464-JD

United States of America

## O R D E R

Sunday Williams petitions for a writ of coram nobis, seeking relief from his conviction in 2004 on a charge of making a false statement on an application for a passport.  Williams contends that his counsel provided ineffective assistance by changing Williams's plea without his consent and by misrepresenting and failing to advise Williams of the immigration consequences of the plea.  The government's motion to dismiss the petition was granted as to Williams's second claim and denied as to Williams's first claim.

When the United States did not file an answer within fourteen days after the motion to dismiss was resolved, Williams moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a).[1]  The United States objected to the motion on

---

[1] The motion was titled "Request for Certificate of Default," (document no. 12).  Federal Rules of Civil Procedure 55(a) provides for entry of default.

the ground that the court should apply the Rules Governing Habeas Corpus Cases Under Section 2255, Rule 5(a), to the petition for a writ of coram nobis.  Based on Rule 5(a), the United States argued that it was not required to answer the petition until ordered to do so.

The United States also filed a document titled "United States' Second Response to Petition for Writ of Coram Nobis." In the Second Response, the United States sought to dismiss Williams's remaining claim for relief on the grounds that the claim is untimely and fails on the merits.  Williams did not respond to the United States' "Second Response."

The magistrate judge issued a report and recommendation on June 7, 2016, recommending that Williams's motion for entry of default be denied.  The magistrate judge noted that the United States had previously proceeded under the assumption that an answer was due and had requested two extensions of time to respond to the petition.  Nevertheless, under the circumstances, the magistrate concluded that Rule 5(a) should govern the proceedings, so that no answer was due unless ordered by the court and default did not apply.

The magistrate judge construed the United States' "Second Response" to be a second motion to dismiss.  Based on that understanding, the magistrate recommended that the undersigned

set a schedule for Williams to respond to the motion to dismiss. Although the Second Response was not docketed as a motion, the content of the filing demonstrates that the United States is seeking to dismiss Williams's remaining claim in the petition.

Neither party filed an objection to the report and recommendation. The court only makes a de novo determination of objected-to portions of a report and recommendation. 28 U.S.C. § 636(b)(1). As stated in the report and recommendation, failure to file a timely objection constitutes a waiver of the right to de novo review and the right to appeal this order. School Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 563 (1st Cir. 2010).

## Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation to deny the petitioner's motion for entry of default (document no. 16) is approved. The motion for entry of default (document no. 12) is denied.

The filing titled "United States' Second Response to Petition for Writ of Coram Nobis" (document no. 15) is deemed to be a second motion to dismiss.

Williams shall have fourteen days from the date of this order to file a response.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

June 30, 2016

cc: Seth R. Aframe, Esq.
    Jonathan Cohen, Esq.
    Paul F. O'Reilly, Esq.
    Jacob Max Weintraub, Esq.